MAR -2 2012
CLERK U S ...
ALEXANDRIA, VIRGINIA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:11-cv-00764 (JCC/IDD) ) |
| LAKESIDE PLUMBING & HEATING, INC., | ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Trustees of the Plumbers and Pipefitters National Pension Fund's ("Plaintiff") Motion for Default Judgment against Lakeside Plumbing & Heating, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 8.) After a licensed attorney for Defendant failed to appear at the hearing on December 2, 2011, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting affidavits, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

### I. INTRODUCTION

On July 19, 2011, Plaintiff filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). (Compl. ¶ 3; Pl. Mot. Default J. at 1.) These acts allow parties to enforce provisions of their

1

collective bargaining agreements. In filing its Complaint, Plaintiff seeks unpaid contributions, interest on the unpaid contributions, liquidated damages, injunctive relief,[1] and attorneys' fees and costs, pursuant to ERISA, LMRA, the Collective Bargaining Agreement, and the Restated Agreement and Declaration of Trust executed by the United Association Local Union No. 15 ("Local Union") and the Defendant. (Compl. ¶¶ 1, 4.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132 and 1145 because the funds are administered from the Plaintiff's principal place of business in Alexandria, Virginia. (Compl. ¶¶ 1, 3.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, "a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, may be brought in any district court having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over Defendant under the decision in *Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).[2] Additionally, this Court has personal jurisdiction over Defendant pursuant to Section 502 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185(a). (Compl. ¶ 3.) Venue is also properly situated in this District because the breach of the

---

[1] In Count II of the Complaint, Plaintiff seeks an order enjoining the violations of the terms of the employee benefit plans and requiring Defendant to submit timely contributions and remittance reports to Plaintiff. Plaintiff has not pursued its request for injunctive relief in its Motion for Default Judgment.

[2] The Court held that the Eastern District of Virginia had personal jurisdiction over defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national" contacts theory is applicable, and the Virginia long-arm statute under Virginia Code § 8.01-328.1 is inapplicable.

collective bargaining agreement and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this judicial district. (Compl. ¶¶ 1, 3, 7.)

### B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served"(quoting *Mississippi Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing lower court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with the summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). Individuals are properly served under subsection (e)(2) by delivering to the person a copy of the summons and the complaint. *Id.* at 4(e)(2).

On August 15, 2011, Duane Reimer, President of Defendant company, was served with a copy of the Summons and Complaint by private process server. (Dkt. No. 4.) Therefore, Plaintiff properly served Defendant pursuant to 29 U.S.C. § 1132(e)(2) and Rule 4(h).

### C. Grounds for Default

As previously stated, Plaintiff filed its Complaint on July 19, 2011. (Dkt. No. 1.) Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On October 12, 2011, Plaintiff filed a Request for Entry of Default with the Clerk. (Dkt. No. 5.) On October 13, 2011, the Clerk entered default against Defendant. (Dkt. No. 6.) On November 16, 2011, Plaintiff filed a Motion for Default Judgment and a hearing on the matter was conducted on December 2, 2011. (Dkt. Nos. 8, 11.) After Defendant failed to appear at the December 2, 2011 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS[3]

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint; the Motion for Default Judgment and memorandum in support thereof; the Affidavit by William T. Sweeney, Jr., the Administrator of the National Pension Fund ("Sweeney Aff."); the Declaration of John R. Harney, Plaintiff's counsel ("Harney Decl."); and the documents submitted in proof of damages.

Plaintiff is the trustee of a multi-employer employee benefit plan[4] administered from an office located in Alexandria, Virginia. (Compl. ¶ 1.) Further, Plaintiff is established and

---

[3] Fed R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").
[4] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

4

maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement executed by the Local Union No. 15 and Defendant. (Compl. ¶ 1.)

Defendant is a Minnesota corporation organized under the laws of Minnesota, transacting business as a contractor or subcontractor in the plumbing and pipefitting industry. Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1), (3), and 152(2); and 29 U.S.C. § 1001(a). (Compl. ¶ 2.)

Defendant is a signatory to the Collective Bargaining Agreement with Local Union No. 15. (Compl. ¶ 4.) Pursuant to that agreement, Defendant agreed to pay Plaintiff certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement. (Compl. ¶ 5.) Plaintiff claims that Defendant employed certain employees covered under the Collective Bargaining Agreement and failed to make proper contributions to the National Pension Fund for work performed at Defendants' request. (Compl. ¶¶ 6, 7.)

According to the remittance reports submitted by Defendant, Defendant failed to make contributions to the National Pension Fund for the months of December 2010 through April 2011 in the amount of $5,648.80. (Compl. ¶¶ 7, 8.) However, since the filing of the Complaint, Defendant remitted payment of the contributions owed for that time period. (Sweeney Aff. ¶ 5.)

Nonetheless, Defendant is bound to make payments under Article VI, Section 5, of the Restated Agreement and Declaration of Trust, which provides that an employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of ten percent (10%) of the amount due. (Comp. ¶ 15.) Pursuant to this provision, Defendant owes Plaintiff liquidated damages in the amount of $564.88 for the months of December 2010 through April 2011. (Mem. Supp. Def. J. at 2; Sweeney Aff. ¶ 9.)

In addition, the Restated Agreement and Declaration of Trust allows interest on any amounts owed to the National Pension Fund at the rate of twelve percent (12%) per annum continuing to accrue from the due date through the date of payment. (Sweeney Aff. ¶ 9.) Thus, Defendants owe Plaintiff interest on the late contributions in the amount of $387.62, calculated until October 17, 2011 or date of payment. (Mem. Supp. Def. J. at 2; Sweeney Aff. ¶ 9.)

Therefore, Defendant owes Plaintiff a total of $952.50 in the following amounts: $564.88 in liquidated damages for the months of December 2010 through April 2011; and $387.62 in interest accruing from the date due through the date of payment or October 17, 2011. (Sweeney Aff. ¶ 9; Sweeney Aff. Appx.)

Pursuant to the Collective Bargaining Agreement and under Section 502(g)(2) of ERISA, Plaintiff is entitled to recover: (1) the full amount of unpaid contributions; (2) interest on contributions which were paid late or remain unpaid; (3) liquidated damages for contributions which were paid late or remain unpaid; and (4) reasonable attorneys' fees and the costs of this action. The amounts due in unpaid and delinquent monthly contributions, liquidated damages on the late contributions, and accrued interest on the late contributions calculated through October 17, 2011, are summarized as follows:

| *Plaintiff* | *Delinquent Contributions* | *Liquidated Damages* | *Interest through 10/17/11* | *Total* |
|---|---|---|---|---|
| National Pension Fund | $0.00 | $564.88 | $387.62 | $952.50 |

(Mem. Supp. Def. J. at 2; Sweeney Aff. Appx.)

Finally, Plaintiff seeks $2,106.29 in attorneys' fees and costs ($1,480.00 in attorneys' fees and $626.29 in costs). (Mem. Supp. Def. J. at 2.) In support of this request, Plaintiff submitted the Declaration of John R. Harney and a report of attorneys' fees and costs through

6

November 16, 2011. (Harney Decl. ¶ 7; Harney Decl. Appx.) The undersigned Magistrate Judge finds the following costs and attorneys' fees to be reasonable.

| Attorneys' Fees | Costs |
|---|---|
| $1,480.00 | $626.29 |

(Harney Decl. ¶ 7.)

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the Plumbers and Pipefitters National Pension Fund against Defendant Lakeside Plumbing & Heating, Inc.

The National Pension Fund is entitled to recover damages in the following amounts: $564.88 for liquidated damages for the months of December 2010 through April 2011; and $387.62 in interest accruing from the date due through the date of payment or October 17, 2011. Thus, the recommended total damages award for the National Pension Fund is $952.50.

Plaintiff also is entitled to recover its attorneys' fees and costs in the amount of $2,106.29 ($1,480.00 in attorneys' fees and $626.29 in costs). If further action is required to enforce and collect this judgment, Plaintiff may apply to this Court or to the court in which enforcement is sought for further appropriate injunctive relief in addition to the relief set out in this Report and Recommendation.

Pursuant to the findings set forth above, the undersigned Magistrate Judge recommends an entry of judgment in favor of the National Pension Fund in the amount of $3,058.79.

### IV. NOTICE

**By mailing copies of this report and recommendation, the parties are notified that objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b)**

of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

> Lakeside Plumbing & Heating, Inc.
> 12469 Zinran Avenue
> Savage, MN 55378-1082

/s/
Ivan D. Davis
United States Magistrate Judge

March 2, 2012
Alexandria, Virginia